IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO A. GUTIERREZ,

        Plaintiff,

   v.

CROWN CORK & SEAL CO., INC.,

        Defendant.

No. 3:13-cv-01219-HZ

OPINION & ORDER

Antonio A. Gutierrez
#5448026
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914

    Pro Se Plaintiff

James M. Barrett
Kathryn P. Roberts
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
222 SW Columbia Street, Suite 1500
Portland, OR 97201

    Attorneys for Defendant

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff Antonio Gutierrez brings this Employment Retirement Income Security Act ("ERISA") action alleging that Defendant failed to provide him with pension plan documents as required under ERISA. Defendant Crown Cork & Seal Co., Inc. moves to dismiss for failure to state a claim, arguing it is not obligated to provide Plaintiff with the documents he requested. I agree with Defendant and I grant the motion to dismiss [22].

BACKGROUND

Plaintiff Antonio Gutierrez was employed by Continental Can Company, USA from approximately 1975 to 1980. First Am. Compl. ¶ 8. Continental was subsequently acquired by Defendant Crown Cork & Seal Co., Inc., which assumed responsibility for administering the pension plans of eligible Continental employees. Id. ¶¶ 7-8. On March 5, 2010, Plaintiff requested from Defendant information about pension benefits to which Plaintiff believed he was entitled. Id. ¶ 9. Plaintiff believed Continental had matched his pension contributions, that the vesting period was five years, and that he was entitled to pension benefits because he had worked at Continental for five years. Id. ¶ 13. On November 27, 2012,[1] Defendant informed Plaintiff the vesting period was ten years, and therefore he was not eligible to receive pension benefits. Id. ¶ 20; Def.'s Mem. Supp. Mot. Dismiss, 4.

Between December 12, 2012 and April 5, 2013, Plaintiff wrote three letters to Defendant stating that ERISA requires Defendant to provide him with a summary plan description of his pension benefits. First Am. Compl. ¶¶ 21, 23, 24. Plaintiff specifically requested that Defendant provide him with a "summary of the plan applicable to him, that of 1975 or any retroactive

---

[1] Although Plaintiff first contacted Defendant in March 2010, Defendant could not verify Plaintiff's employment, and thus respond to his request, until he submitted income records from the Social Security Administration (SSA) in November 2012. See First Am. Compl. ¶¶ 11-20. The delay was due to difficulties in obtaining income records and Plaintiff's personal reasons. Id.

2 - OPINION & ORDER

amendments applicable." Id. ¶ 23. On April 19, 2013, Defendant provided Plaintiff with a summary plan description for Continental's 1980 pension plan ("1980 Plan"). Id. ¶ 25. Plaintiff responded that the 1980 Plan did not apply to him and he again requested the summary plan from 1975 ("1975 Plan"). Id. ¶ 27. Defendant has yet to produce the 1975 Plan.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (quotation and citations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3 - OPINION & ORDER

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

DISCUSSION

As an initial matter, I find that Plaintiff has stated only one claim in his complaint. In his first claim, Plaintiff alleges that Defendant violated ERISA, 29 U.S.C. § 1021, by failing to provide a copy of the 1975 Plan. See generally First Am. Compl. Plaintiff states a second claim for relief, alleging that he "may be entitled to at least partial early retirement benefits," and that he "be allowed the opportunity to study" the summary plan once Defendant has produced it. Id. ¶¶ 40, 41. Because Plaintiff asks only for an "opportunity" to study the summary plan, Plaintiff's second claim does not state a cause of action. Therefore, I consider Plaintiff's first claim for relief as his sole claim.[2]

Plaintiff brings this action under ERISA's enforcement provision, which allows pension plan participants to bring a civil action if the plan administrator fails "to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant . . . within 30 days after such request." 29 U.S.C. § 1132(c). The subchapter requires that, "The administrator of each employee benefit plan shall cause to be furnished in accordance with [29 U.S.C. § 1024(b)] of this title to each participant covered under the plan . . . a summary plan description . . . ." 29 U.S.C. § 1021(a). Specifically, § 1024(b)(4) requires a plan administrator to furnish "a copy of the latest updated summary, plan description . . . ." However,

---

[2] Defendant interpreted Plaintiff's second claim as a claim for benefits under the 1975 Plan. Because I have found otherwise, I need not address Defendant's argument that Plaintiff failed to state a claim for benefits or that Defendant properly denied benefits. Def.'s Mot. Dismiss, 7, 9-11.

4 - OPINION & ORDER

the plan administrator is not required to produce outdated summary plan descriptions. <u>Shields v. Local 705, Int'l Bhd. of Teamsters Pension Plan</u>, 188 F.3d 895, 903 (7th Cir. 1999). If a plan administrator fails to provide required documents within 30 days, the administrator is subject to a penalty of $110 a day from the date of such failure. 29 C.F.R. § 2575.502c–3. Because Defendant has not produced the 1975 Plan (the plan in effect at the time Plaintiff was employed at Continental) as Plaintiff requested, Plaintiff alleges that Defendant violated § 1021(a) and § 1132.

Defendant first argues that Plaintiff lacks standing to assert a claim under 29 U.S.C. § 1132(c). <u>Id.</u> 12. To have standing, Plaintiff must "have a colorable claim that (1) [he] will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004) (quotation and citation omitted). However, on a motion to dismiss, I must accept as true all allegations in Plaintiff's complaint. Because Plaintiff has alleged he is a participant who may be entitled to benefits, First Am. Compl. ¶¶ 13, 19, 30, Defendant's argument fails.

Next, Defendant argues that Plaintiff fails to state a claim because it is under no obligation to produce the 1975 Plan that Plaintiff requested. Def.'s Mot. Dismiss, 12-14. ERISA requires Defendant to provide Plaintiff with "the *latest updated* summary" plan description. <u>See</u> 29 U.S.C. § 1024(b)(4) (emphasis added); <u>see</u> also <u>Leung v. Skidmore, Owings & Merrill LLP.</u>, 213 F. Supp. 2d 1097, 1104 (N.D. Cal. 2002) (granting summary judgment for an insurance company because the plan beneficiary sought only outdated documents under ERISA). Plaintiff requested a plan from 1975. Because Plaintiff bases his claim on Defendant's failure to provide him with a plan that Defendant is not obligated to provide, Plaintiff fails to state a claim. Therefore, I grant Defendant's motion to dismiss.

CONCLUSION

Based on the foregoing, Defendant Crown Cork & Seal Co., Inc.'s motion to dismiss [22] is GRANTED. Plaintiff's complaint is dismissed with leave to amend. If Plaintiff chooses to file a second amended complaint, he must do so within 30 days of this order.

IT IS SO ORDERED.

Dated this 18th day of March, 2014.

_____
MARCO A. HERNANDEZ
United States District Judge

6 - OPINION & ORDER