IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO A. GUTIERREZ,

        Plaintiff,

   v.

CROWN CORK & SEAL CO., INC.,
Pension Administration,

        Defendants.

No. 3:13-cv-01219-HZ

OPINION & ORDER

Antonio A. Gutierrez
5448026
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914-8335

    Pro Se Plaintiff

James M. Barrett
Kathryn P. Roberts
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
222 SW Columbia St, Ste 1500
Portland, OR 97201

    Attorneys for Defendant

/ / /
/ / /

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Antonio Gutierrez brings this Employment Retirement Income Security Act ("ERISA") action alleging that Defendant failed to provide him with pension plan documents as required under ERISA. Defendant moved to dismiss for failure to state a claim, and the motion was granted. Plaintiff was allowed leave to amend and he filed a second amended complaint. Defendant moves to dismiss again. Because Plaintiff has failed to state a claim again, I grant the motion to dismiss [71].

BACKGROUND

Plaintiff Antonio Gutierrez was employed by Continental Can Company, USA from approximately 1975 to 1980. Second Am. Compl. ¶ 7. Continental was subsequently acquired by Defendant Crown Cork & Seal Co., Inc., which assumed responsibility for administering the pension plans of eligible Continental employees. Id. ¶ 5. On March 5, 2010, Plaintiff requested from Defendant information about pension benefits to which Plaintiff believed he was entitled. Id. ¶ 8. Plaintiff believed Continental had matched his pension contributions, that the vesting period was five years, and that he was entitled to pension benefits because he had worked at Continental for five years. Id. ¶ 11. On April 8, 2012 and again on November 27, 2012, Defendant informed Plaintiff the vesting period was ten years, and therefore he was not eligible to receive pension benefits. Id. ¶ 13, 19.

Between December 12, 2012 and April 5, 2013, Plaintiff wrote three letters to Defendant stating that ERISA requires Defendant to provide him with a summary plan description of his pension benefits. Second Am. Compl. ¶¶ 20-22. Plaintiff requested that Defendant provide him with a "summary of the plan applicable to him, that of 1975 or any retroactive amendments applicable[.]" Id. ¶ 21. On April 19, 2013, Defendant provided Plaintiff with a summary plan

description for Continental's 1980 pension plan ("1980 Plan").  Id. ¶ 22.  Plaintiff alleges that the 1980 Plan does not apply to him, but that the summary plan from 1975 ("1975 Plan") does.  Id. ¶ 23.  Defendant has yet to provide the 1975 Plan to Plaintiff.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012).  However, the court need not accept conclusory allegations as truthful.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"  Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).  Additionally, "only a complaint that states a plausible claim for

3 - OPINION & ORDER

relief survives a motion to dismiss." Id. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

## DISCUSSION

Plaintiff states two claims in his second amended complaint: (1) violation of 29 U.S.C. § 1021 for not providing Plaintiff with the 1975 Plan and (2) a request that Plaintiff be given the opportunity to determine what benefits he may be entitled to once he has received the 1975 Plan from Defendant. Second Am. Compl. 27, 32. Plaintiff's second amended complaint states the exact same claims for relief as his first amended complaint. See First Am. Compl. [29]. Because the claims are the same, I dismiss Plaintiff's second amended complaint for the reasons stated in my previous opinion and order. See Mar. 18, 2014 Op. & Order [55]. This dismissal is with prejudice because further leave to amend would be futile.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss [71] is granted. Plaintiff's second amended complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 6 day of Aug., 2014.

/s/ Marco A. Hernández
MARCO A. HERNÁNDEZ
United States District Judge

4 - OPINION & ORDER