IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTONIO A. GUTIERREZ,

                    Plaintiff,

      v.

CROWN CORK & SEAL CO., INC.,
Pension Administration,

                    Defendant.

No. 3:13-cv-01219-HZ

OPINION & ORDER

Antonio A. Gutierrez
5448026
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, OR 97914-8335

      Pro Se Plaintiff

James M. Barrett
Kathryn P. Roberts
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
222 SW Columbia St., Ste. 1500
Portland, OR 97201

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Antonio Gutierrez brought this Employment Retirement Income Security Act ("ERISA") action seeking pension plan documents under 29 U.S.C. § 1021.  Defendant Crown Cork & Seal Co., Inc. moved to dismiss for failure to state a claim, arguing it is not obligated to provide Plaintiff with the documents he requested.  Defendant moved to dismiss for failure to state a claim, and the motion was granted.  Plaintiff was allowed leave to amend and he filed a second amended complaint.  Defendant moved to dismiss again.  On August 6, 2014, I granted the motion and dismissed the second amended complaint with prejudice because further leave to amend would be futile.  The order and judgment dismissing the case entered on August 7, 2014.  Plaintiff now moves for reconsideration [87] of the order and judgment of dismissal.  Because there is no basis for reconsideration, I deny the motion for reconsideration.

STANDARD

A party may seek reconsideration of a ruling under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure.  Rule 59(e) "permits a district court to reconsider and amend a previous order[.]"  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation and quotation marks omitted).  The rule, however, "offers an extraordinary remedy…to be used sparingly in the interests of finality and conservation of judicial resources."  Id.  "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."  Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir.

1994) (citation and quotation marks omitted).  Under Rule 60, a court may grant reconsideration

based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

evidence which by due diligence could not have been discovered before the court's decision; (3)

fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6)

any other reason justifying relief.  Fed. R. Civ. P. 60(b).

DISCUSSION

Plaintiff moves under Rule 59(a) for reconsideration of the order and judgment of

dismissal.  Pl.'s Mot. Recons. 2.  But that rule is only applicable if a nonjury trial has occurred.

Fed. R. Civ. P 59(a)(2).  Rule 59(e) is the correct rule for a motion for reconsideration in this

situation.  Under Rule 59(e), a motion to alter or amend a judgment must be filed within 28 days

after entry of judgment.  Fed. R. Civ. P 59(e).  Defendant argues that the motion for

reconsideration is untimely by one day, and thus Rule 60(b) is the applicable rule.  Def.'s Resp.

2.  Defendant incorrectly states that the judgment entered on August 6, 2014.  Id.  Although the

judgment was signed on August 6, 2014, the order and judgment did not enter until the next day.

August 6, 2014 Judgment [85].  Plaintiff's motion, filed on September 4, 2014, is therefore

timely under Rule 59(e).

As to the merits of Plaintiff's motion, I agree with Defendant that there is no basis for

reconsideration of my order and judgment of dismissal.  Plaintiff argues that the court committed

errors of fact and law.  First, Plaintiff argues the court was incorrect to state that Plaintiff's claim

for violation of 29 U.S.C. § 1021 is based on Defendant's refusal to provide the 1975 plan.  Pl.'s

Mot. Recons. 7.  In the second amended complaint, Plaintiff now seeks the 1980 plan.  Id.  As

previously explained in the first order of dismissal, § 1021 only requires a plan administrator to

provide the "latest updated summary plan description," and not old summary plan descriptions, whether it be from 34 or 39 years ago.[1]  Mar. 18, 2014 Op. & Order [55] 4-5.

Second, Plaintiff argues that the court committed an error of law because the court mischaracterized Plaintiff's second claim.  Pl.'s Mot. Recons. 9.  Plaintiff asserts he has a right to "inspect," not merely "study" the applicable summary plan.  Id.  Plaintiff then proceeds to argue that he is entitled to benefits according to the 1980 and 2009 summary plans.  Id. at 10-15. Plaintiff has not articulated any clear error of law in the court's order or judgment of dismissal.

Plaintiff's motion for reconsideration is denied because there is no newly discovered evidence, clear error, or an intervening change in the applicable law.

CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration [87] is denied.

IT IS SO ORDERED.


Dated this ___ day of October, 2014.



_____
MARCO A. HERNÁNDEZ
United States District Judge



---

[1] Plaintiff received the 1980 plan from Defendant on August 19, 2013.  Pl.'s Mot. Recons. 10.

4 - OPINION & ORDER